**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CHRISTOPHER LEE RUBIO,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**H.A. LEDEZMA, Warden,** )<br>)<br>**Respondent.** ) | Case No. CIV-12-207-F |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently in custody at the Federal Correctional Institution at El Reno, Oklahoma, and appearing pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. United States District Judge Stephen P. Friot has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been examined and for the reasons set forth herein, it is recommended that the petition be dismissed upon filing.[1]

Although the Petition contains few conviction details, Petitioner alleges that he was convicted pursuant to a plea of guilty to possession of marijuana with intent to distribute, for which he was sentenced to 188 months of imprisonment. Petition, 1. He also alleges that he was convicted of a "nonexistent offense." Id.  Through independent research, the undersigned has been able to discover that Petitioner was convicted in the United States

---

[1] Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

District Court for the Western District of Texas (Del Rio), Case No. 2:09cr-01553-AM.[2] A minute entry in the docket report for that case shows that Petitioner's plea of guilty was accepted on February 24, 2010, that he was sentenced on January 24, 2011, and that he filed a notice of appeal to the Fifth Circuit Court of Appeals on January 25, 2011. Id. at Doc. Nos. 16, 24, 25. On July 21, 2011, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction. United States v. Rubio, No. 11-50071, 433 Fed. Appx. 289 (5th Cir. July 21, 2011) (rejecting Petitioner's claim that his sentence is substantively unreasonable, and noting that the district court had correctly rejected this same argument during the sentencing proceeding).

A check of the docket sheet in the underlying criminal case reveals that on August 19, 2011, Petitioner filed a motion entitled "Defendant's Motion for Post-Conviction Relief Pursuant to 28 U.S.C. § 2255." United States v. Rubio, Case Nos. DR-09-CR-1552(1)-AM, DR- 11 CA - 55. In that motion, Petitioner recasts his sentencing argument as one of ineffective assistance of trial counsel. Doc. No. 44. As of the date of this Report and Recommendation, that motion is still pending.

Although Petitioner filed this action as a § 2241 petition for a writ of habeas corpus, the Court must determine whether Petitioner's action arises under § 2241 or § 2255. A § 2255 petition attacks the legality of a conviction or sentence and must be filed in the district

---

[2] The Federal Bureau of Prisons Register Number listed by Petitioner in the case now before the Court is the same as that in the case from the Western District of Texas.

that imposed the sentence, while a § 2241 petition attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); see also McIntosh v. United States Parole Commission, 115 F. 3d 809, 811 (10th Cir. 1997) (stating that proceedings under 28 U.S.C. § 2254 and 2255 "are used to collaterally attack the validity of a conviction and sentence"). A petition under § 2241 "is not an additional, alternative, or supplemental remedy" to a § 2255 proceeding. Bradshaw, 86 F.3d at 166 (citations omitted).

In this case it is clear that Petitioner has raised claims that directly challenge the validity of his conviction and sentence – claims that fall squarely within the purview of § 2255. Petitioner can raise such claims in a § 2241 petition only if he satisfies the requirements of the so-called "savings clause" in § 2255. That clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). This exception is an extremely narrow one. Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, relief may be sought when the original sentencing court is abolished, when the sentencing court refuses to consider the § 2255 petition altogether, when the court inordinately delays consideration of the petition, or when no one court could grant complete relief. Id. It is Petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and a previous failure to obtain

relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective. Bradshaw, 86 F.3d at 166 (citing Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)). Moreover, the procedural hurdles to filing a second § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) do not render the remedy unavailable or ineffective. Caravalho, 177 F.3d at 1178.

Petitioner does not even address the applicability of the savings clause to his petition, and in fact fails to disclose that he has a § 2255 motion pending in the sentencing court. Thus, the undersigned finds that Petitioner has failed to show that his claims fall within the limited circumstances in which the § 2255 remedy would be found inadequate or ineffective.

Accordingly, the undersigned recommends that the § 2241 petition be dismissed upon filing.[3] Purvis v. Wiley, No. 06-1117, 214 Fed. Appx. 774, 776-78 (10th Cir. Jan. 26, 2007); Kokoski v. Callahan, Nos. 05-6377, 06-6045, 196 Fed. Appx. 641, 643-44 (10th Cir. Aug. 22, 2006); Gibson v. Fleming, No. 01-6198, 28 Fed. Appx. 911, 913 (10th Cir. Dec. 11, 2001).[4]

---

[3]This Court would lack jurisdiction to consider a challenge to Petitioner's conviction and sentence pursuant to 28 U.S.C. § 2255 and the Western District of Texas is the proper forum for that claim. See 28 U.S.C. § 2255; Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000) ("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction.").

[4]These unpublished dispositions are cited in accordance with Fed.R.App.P. 32.1 and Tenth Cir. R. 32.1.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the petition for a writ of habeas corpus be dismissed on filing without prejudice. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 7, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter. The Clerk of the Court is instructed to send a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma on behalf of the Respondent.

**ENTERED this 17th day of April, 2012.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE